**Lorena SANDOVAL–LOPEZ,
Petitioner,**

v.

**IMMIGRATION NATURALIZATION
AND SERVICES; John Ashcroft,
Atty General, Respondents.**

**No. 01–70180.
INS No. A77–790–484.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2002.

Decided July 11, 2002.

---

5. *Id.* at 323.

6. *United States v. Beraun–Panez,* 812 F.2d 578, 580 (9th Cir.), *modified by* 830 F.2d 127 (9th Cir.1987).

Before BRUNETTI, TROTT and McKEOWN, Circuit Judges.

### MEMORANDUM*

Lorena Sandoval–Lopez ("Sandoval") appeals the Immigration and Naturalization Service's ("INS") order reinstating a prior order of removal under the Immigration and Nationality Act ("INA") § 241(a)(5), 8 U.S.C. § 1231(a)(5), and denying of her petition for adjustment of status under INA § 245(i). We have jurisdiction pursuant to INA § 242(a), 8 U.S.C. § 1252(a) and hold that pursuant to INA § 241(a)(5) Sandoval is not eligible for adjustment of status relief.

In 1996, Congress enacted IIRIRA and added § 241(a)(5) in an effort to address the re-entry of illegal immigrants. Section 241(a)(5) applies more stringent measures and states that "[i]f the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."

Sandoval is a native and citizen of Mexico who illegally entered the United States. In 1999, Sandoval was deported after attempting to reenter the United States using her cousin's passport. The INS determined that Sandoval was inadmissible under INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i) (1999), for having attempted to enter the United States through fraud or willful misrepresentation of a material fact. Sandoval subsequently illegally reentered the United States and in October, 2000, Sandoval filed an application for adjustment of status. The INS denied the application because Sandoval had illegally reentered and § 241(a)(5) barred her from seeking such relief.

We find that a plain reading of the statute as well as its legislative history supports the INS's decision. The statute clearly indicates that a previously deported alien who reenters the United States illegally may be expeditiously deported and cannot seek relief under the INA. Sandoval was illegally in the United States. She attempted to enter the United States using a fraudulent passport and was deported. She then illegally reentered. Congress's intent is readily apparent from IIRIRA's legislative history:

> Aliens who violate U.S. immigration law should be removed from this country as soon as possible. Exceptions should be provided only in extraordinary cases specified in the statute and approved by the Attorney General.... The opportunity that U.S. immigration law extends

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

to aliens to enter and remain in this country is a privilege, not an entitlement.

S.Rep. No. 104–249, 1996 WL 180026 at *7. Congress intended to apply more stringent measures when dealing with reentering illegal immigrants, and as evidenced with the LIFE Act amendments, when Congress wants to exclude a group of immigrants from the strict constraints of § 241(a)(5) it will so state. Thus, Sandoval is precluded from seeking an adjustment of status relief.

Sandoval has also raised a due process issue but under the facts of this case, it has no merit.

The petition for review is DENIED.